**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSHUA SALAZAR, an individual, | No. 16-56817 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-00641-R-KK |
| v. | |
| GERARD DANIEL WORLDWIDE, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted April 9, 2018[**]
Pasadena, California

Before: BOGGS,[***] BYBEE, and WATFORD, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

**1.**  The district court erred in granting summary judgment for Gerard Daniel Worldwide, Inc. (GDW) on Joshua Salazar's claim that the company breached his employment contract with respect to the application of the prime interest rate in determining Salazar's quarterly incentive payment.  As to all other issues related to Salazar's breach-of-contract claim, the district court properly granted summary judgment.

The Employment Agreement provides that the "interest charge . . . will be based on the Employer's investment in the Business Unit's working capital and equipment times the prime interest rate in effect at the end of each quarter."  The parties agree that the applicable prime interest rate at all relevant times was 3.25 percent, but disagree as to how that interest charge should have been assessed.  In his opposition to summary judgment, Salazar argued that "the yearly interest rate on a quarterly basis"—*i.e.*, 0.8125 percent—should have been used, whereas GDW argued that the rate of 3.25 percent should have been assessed each quarter.  Because the district court did not address this issue in its summary judgment order, we vacate and remand for the district court, in the first instance, to determine the proper amount of interest to be charged in accordance with the Agreement.

Apart from the interest charge, the district court properly granted summary judgment on Salazar's breach-of-contract claim.  Salazar argues that GDW

wrongly included expenses in calculating his business unit's operating income, but the terms of the Agreement make clear that such expenses were properly included. The Agreement defines "operating income" as the unit's "sales less its Direct manufacturing costs of goods sold, its Direct operating expenses and an imputed interest charge." The definition of "Direct," in turn, includes "costs and expenses directly related to" the unit's operations, but excludes "general corporate overhead." Costs and expenses associated with inventory, taxes, repairs, employees, advertising, and the like, were all specifically attributable to Salazar's unit and, thus, properly counted in calculating the unit's operating income.

Rent expense was likewise properly included when deriving the unit's operating income. Per the Agreement, GDW had an obligation to provide Salazar's unit with housing at its Fontana facility or another similar facility. That obligation, however, does not foreclose GDW from counting rent expense as a direct expense of the unit and therefore including it in the operating income formula. The rent expense was therefore properly deducted from the unit's sales amount.

Salazar also argues that GDW breached the Agreement when it "marked up the cost for its wire cloth or . . . wire mesh," but he fails to provide any evidence in

support of this claim. The district court therefore properly determined that Salazar could not maintain his breach-of-contract claim as to this issue.

**2.** The district court properly granted summary judgment for GDW on Salazar's claim for breach of the implied covenant of good faith and fair dealing. Because this "implied covenant claim seeks simply to invoke terms to which the parties *did* agree, it is superfluous." *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1112 (Cal. 2000). To the extent Salazar argues that GDW's alleged breach constitutes a tort, this claim fails because "there is no tort of 'bad faith breach' of an employment contract." *Id.*

**3.** The district court properly granted summary judgment for GDW on Salazar's intentional and negligent misrepresentation claims. Both of these claims require that the plaintiff allege a misrepresentation. *See Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 230–31 (2013). Salazar failed to do so. In fact, Salazar testified at his deposition that neither of the GDW employees with whom he spoke during the process of selling his company made any false statements.

**AFFIRMED in part, VACATED in part, and REMANDED.**

The parties shall bear their own costs on appeal.